UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

J<small>USTINA</small> R<small>ETTELLE</small>,

       Plaintiff,                     Hon. Paul L. Maloney

v.                                                Case No. 1:19-CV-858

G<small>RETCHEN</small> W<small>HITMER</small>, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this action on October 18, 2019, against Gretchen Whitmer, the Michigan Attorney General, the Department of the Michigan Attorney General, and the Lansing Police Department. (ECF No. 1). Because Plaintiff has been permitted to proceed as a pauper, (ECF No. 4), the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. For the reasons articulated herein, the undersigned recommends that Plaintiff's complaint be dismissed.

## BACKGROUND

In her complaint, Plaintiff alleges the following. In September, Plaintiff and her children were walking down the street when unidentified "workers" threatened to break Plaintiff's daughter's legs. Plaintiff reported this incident to "the city's

1

Peacemaker." Unidentified people continue to stalk and slander Plaintiff, engage in "ritual abuse" of Plaintiff and her children, and "mak[e] racist remarks under their breath." Plaintiff has suffered harassment at a bus station and once had an unidentified law enforcement officer tell her that he would "hang [her] in a jail cell." Plaintiff reported this conduct to the Federal Bureau of Investigation, which "did nothing." On another occasion, a court officer called Plaintiff a "snitch" when she testified in a matter involving her ex-boyfriend. The Ku Klux Klan has also been "trying to kill members." Plaintiff alleges that her constitutional rights have been violated for which she seeks four billion dollars in damages.

## **LEGAL STANDARD**

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court more recently held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between

2

possibility and plausibility of 'entitlement to relief.'" *Id*. As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id*. at 678-79 (internal citations omitted).

## ANALYSIS

While Plaintiff's allegations are certainly disturbing, the Court cannot ignore the fact that Plaintiff has failed to assert any factual allegations against any named individual.  Instead, Plaintiff makes allegations against unidentified persons and asserts vague legal conclusions.  Simply put, Plaintiff has failed to allege facts against any Defendant that state a claim on which relief may be granted.

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

          Respectfully submitted,

DATE:  OCTOBER 25, 2019     /S/ PHILLIP J. GREEN
    PHILLIP J. GREEN
    U.S. MAGISTRATE JUDGE